IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARLENE OSBORNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 16-0704 (MN) |
| UNIVERSITY OF DELAWARE | ) |
| LIBRARY ADMINISTRATIVE, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Daniel, C. Herr, LAW OFFICE OF DANIEL C. HERR LLC, Wilmington, DE – attorney for Plaintiff

James D. Taylor, Jr., Randall S. MacTough, SAUL EWING ARNSTEIN & LEHR LLP, Wilmington, DE – attorneys for Defendant

August 21, 2019
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE:**

Presently before the Court is the renewed motion for summary judgment by Defendant University of Delaware Library Administrative ("Defendant" or "the University"). (D.I. 34). For the reasons set forth below, Defendant's motion is DENIED.

## I.     BACKGROUND

Plaintiff Marlene Osborne ("Plaintiff" or "Osborne") filed this action against Defendant – her employer – alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964. (D.I. 1).[1] The basic background facts underlying this case were set out in an earlier summary judgment opinion by Judge Sleet (*see* D.I. 17 at 1-5), and this Court includes additional background only to provide the procedural context for the present motion.[2] Although Plaintiff originally filed this case *pro se*, she retained counsel on May 5, 2017. (*See* D.I. 10). Discovery closed on May 12, 2017 (*see* D.I. 4 & 6), and Plaintiff had taken no discovery as of that deadline.

On June 12, 2017, in accordance with the scheduling order then in place, Defendant filed a motion for summary judgment. (*See* D.I. 11 & 12). Judge Sleet denied the motion, finding that genuine issues of material fact remained in dispute as to (1) Plaintiff's prima facie case of discrimination and (2) whether Defendant's asserted reasons for the alleged adverse employment decision were pretextual. (*See* D.I. 17 & 18; *see also* D.I. 17 at 10-11). In denying Defendant's motion for summary judgment, the court allowed additional discovery to go forward. (*See* D.I. 17 at 11 ("[T]he University's motion for summary judgment is denied without prejudice to being renewed after the parties have engaged in formal discovery.")). Following a period of additional discovery, on April 1, 2019, Defendant filed the present renewed motion for summary judgment.

---

[1]     Plaintiff also appears to have asserted claims of hostile work environment and retaliation but has since dropped those claims. (*See* D.I. 17 at 7 n.4; *see also* D.I. 14 at 14).

[2]     This case was reassigned to the undersigned judge on September 20, 2018.

(*See* D.I. 34 & 35; *see also* D.I. 36). Defendant's motion was fully briefed as of April 29, 2019. (*See* D.I. 39 & 41).

## II. LEGAL STANDARDS

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show[] that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 n.10 (1986). If the moving party has carried its burden, the nonmovant must then "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (quoting FED. R. CIV. P. 56(e)) (emphasis in original). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The Court may not grant summary judgment if a "reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 459 (3d Cir. 1989) (citation omitted).

To defeat a motion for summary judgment, however, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted)). "[The] mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248;

2

*Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

### III. <u>DISCUSSION</u>

As noted above, Plaintiff asserts race discrimination in violation of Title VII. (*See* D.I. 1 at 1). In particular, Plaintiff alleges that Defendant discriminated against her by failing to promote her to a position in the Office of Vice Provost and, further, by demoting her to an administrative assistant position in the reception area of the library. (*See, e.g.*, D.I. 39 at 4, 7-8; D.I. 39-1 ¶¶ 14-20; D.I. 39-2 ¶¶ 8-11). Claims of discrimination are reviewed under the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 151 (3d Cir. 2017). In such cases, the Third Circuit has explained that:

> a plaintiff must first establish a prima facie case of discrimination. If the plaintiff succeeds, the defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action. The burden then shifts back to the plaintiff to prove, by a preponderance of the evidence, that the articulated reason was a mere pretext for discrimination.

*Capps*, 847 F.3d at 151 (quoting *Ross v. Gilhuly*, 755 F.3d 185, 193 (3d Cir. 2014)). "[T]he burden of persuasion remain[s] at all times with the plaintiff." *Sheriden v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1066 (3d Cir. 1996).

To establish a prima facie case, Plaintiff must offer sufficient evidence that: (1) she is a member of a protected class; (2) she was qualified for the position she sought; (3) she experienced an adverse employment action; and (4) the action occurred under circumstances that could give

3

rise to an inference of unlawful discrimination (*e.g.*, similarly situated persons outside the protected class received more favorable treatment). *See Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008); *see also Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 410-11 (3d Cir. 1999); *Drummond v. Amazon.com.dedc, LLC*, No. 18-293 (RGA), 2018 WL 5629811, at *5 (D. Del. Oct. 31, 2018).

If a prima facie case has been established, "the employer must come forward with a legitimate, non-discriminatory reason for the adverse employment decision." *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 319 (3d Cir. 2000). If the employer can offer "a legitimate, nondiscriminatory reason for its actions," the plaintiff must then "demonstrate that the proffered reason was merely a pretext for unlawful discrimination." *Id.*; *see also Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994) ("Once the employer answers its relatively light burden by articulating a legitimate reason for the unfavorable employment decision, the burden of production rebounds to the plaintiff, who must now show by a preponderance of the evidence that the employer's explanation is pretextual (thus meeting the plaintiff's burden of persuasion)."). The plaintiff must convince the factfinder "*both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (emphases in original). "It is not enough, in other words, to *dis* believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *Id.* at 519 (emphases in original).

A.    **Prima Facie Case**

In ruling on Defendant's original motion, Judge Sleet found that there existed genuine issues of material fact for all but one of the elements necessary for Plaintiff's prima facie case of

discrimination.[3] (*See* D.I. 17 at 7-10). Therefore, for Defendant to prevail on this renewed motion for summary judgment, it must cite to evidence in the record that demonstrates those issues of material fact no longer remain in dispute. The Court will thus address Defendant's motion in the context of Judge Sleet's prior findings.

First, as to whether Plaintiff suffered an adverse employment action, Judge Sleet refused to accept Defendant's argument that Plaintiff's reassignment was merely a "lateral transfer." (D.I. 17 at 8-9). Instead, the court found that there existed a genuine issue to be tried as to whether Plaintiff's reassignment to the library reception area was a "demotion" and, thus, an adverse employment action. (*Id.*). The court noted that Plaintiff supported her contention "by pointing to the fact that she now reports to someone lower in the organizational chart, has less sophisticated responsibilities, and sometimes performs duties typically reserved for an Administrative Assistant I," despite Plaintiff's title of Administrative Assistant II. (*Id.* at 9; *see also id.* at 3). Additionally, in the court's view, Plaintiff had identified evidence that suggested she "experienced reduced opportunities for promotion" when she was passed over for consideration for the position previously held by Ms. Moore. (*Id.*; *see also id.* at 5-6). Thus, when the first summary judgment opinion issued, Plaintiff had established disputes of material fact as to whether her reassignment and failure to be considered for promotion were adverse employment actions.

This Court has reviewed the entire record before it in connection with Defendant's renewed motion for summary judgment and concludes that there still remains a genuine issue of material fact to be tried with respect to whether Plaintiff suffered an adverse employment action – a necessary element of her prima facie case. Defendant has not cited to any new evidence that

---

[3] As to the first element, Defendant did not dispute that Plaintiff, who is an African American woman, is a member of a protected class. (*See* D.I. 17 at 8). And Defendant does not dispute that here.

5

transforms this issue – which was previously found to be genuinely disputed – into one that is undisputed and therefore amenable to resolution at summary judgment. Moreover, the Court also notes that Plaintiff responded to Defendant's concise statement of facts and offered her own statement of material facts for which she contends there is a genuine issue to be tried. (*See* D.I. 39-2). Several of these facts go directly to the issue of whether Plaintiff's reassignment was a demotion and whether Plaintiff has been denied training opportunities and other opportunities for job enrichment since her reassignment. (*See, e.g.*, *id*. ¶¶ 8-11 (in Plaintiff's Concise Statement of Facts)). Defendant, however, did not respond to Plaintiff's separate concise statement of facts. (*See* Form Scheduling Order [Non-Patent] ¶ 9(b), available at https://www.ded.uscourts.gov/sites/ded/files/chambers/PATENT_SCHEDULING_ORDER_NON.pdf). Because Defendant failed to respond, there is no showing that Plaintiff's offered facts are either not material or not genuinely disputed. As a result, this Court assumes the facts offered by Plaintiff *are* material and *do* remain in dispute (*see* D.I. 39-2 at 3-6) and, thus, the issue of whether Plaintiff suffered an adverse employment action should not be resolved on summary judgment.

Next, as to whether Plaintiff was qualified for the position formerly held by Ms. Moore (but filled by Ms. Miller), Judge Sleet previously found that there was evidence that Plaintiff had received "consistently high performance ratings from 1999 to 2011" and that her performance review around the time of the library reorganization was overall positive. (D.I. 17 at 9). The court rejected Defendant's argument that Plaintiff lacked the requisite training to fill Ms. Moore's position, instead noting that discriminatory denial of training opportunities cannot permit an employer to then pass over the employee because her ability to perform is affected by the lack of training. (*Id.*). Thus, summary judgment was not appropriate as there remained issues of material fact as to whether Plaintiff was qualified for Ms. Moore's former position. (*Id.*).

Again, this Court finds that Defendant has not cited to any new evidence in its renewed summary judgment motion that now renders this issue undisputed. Defendant's brief does not substantively address the deficiencies on this element previously found by Judge Sleet. (*See* D.I. 35 at 8-9). Although Defendant does offer facts relating to Ms. Moore's position in its concise statement of facts (*see* D.I. 36 ¶¶ 7-10), Plaintiff responds that the necessary training for Ms. Moore's position was only offered to Ms. Miller and never to Plaintiff (*see* D.I. 39-2 ¶¶ 7-10). Against the backdrop of the court's prior ruling, this Court finds that the issue of whether Plaintiff was qualified for Ms. Moore's position (or would have been with training) remains in dispute.

Finally, as to whether the alleged adverse employment action against Plaintiff occurred under circumstances that could give rise to an inference of unlawful discrimination, Judge Sleet previously found that there was a genuine issue of fact to be tried because Ms. Miller, who is a white female and therefore outside the protected class, was given the training necessary for Ms. Moore's position – and then was ultimately given Ms. Moore's position. (*See* D.I. 17 at 9-10). In reaching this conclusion, the court noted that the Third Circuit recognizes that "any time a person outside the protected class is promoted over a qualified member of the protected class, they have satisfied the fourth element in establishing a prima facie case." *Kimble v. Morgan Prop.*, 241 F. App'x 895, 898 (3d Cir. 2007). In its renewed motion, Defendant does not cite to any new evidence that explains why Ms. Miller was afforded training and promotion but Plaintiff was not. Therefore, because Defendant has not addressed the issues raised in the previous summary judgment opinion, the Court finds that there is still a genuine issue of material fact regarding whether Plaintiff's reassignment occurred under circumstances that could give rise to an inference of unlawful discrimination.

In sum, because summary judgment was previously denied on the basis that there were genuine disputes of material fact as to Plaintiff's prima facie case of discrimination, and because Defendant has failed to cite to new evidence in the record that renders those issues now undisputed, the Court finds that summary judgment is inappropriate.

**B.     Pretext**

Judge Sleet also found that, assuming the library reorganization was a legitimate non-discriminatory reason for the adverse employment action(s) Plaintiff alleged she suffered, there were genuine issues of material fact as to whether Defendant's asserted reason for the employment action were merely a pretext. (*See* D.I. 17 at 10-11). The court found that Plaintiff had identified "sufficient implausibilities and inconsistencies" in Defendant's asserted explanation for the library reorganization. (*Id.* at 11). In particular, the court found it noteworthy that Plaintiff was not originally told that her reassignment was part of a library reorganization plan and, further, that Defendant's documents suggested the reorganization was still "preliminary" and "conceptual" even after Plaintiff was reassigned. (*Id.*). Additionally, in the court's view, Defendant's documents suggested that the reorganization only involved relocating African-American assistants to the reception area and moving Caucasian assistants into the Office of Vice Provost. (*Id.*). And although the library reorganization was purportedly done with the goals of promoting "cross-training" and "opportunities for job enrichment," Plaintiff never received any such training or job enrichment. (*Id.*). Thus, there were genuine issues as to whether Defendant's asserted reason for the adverse employment action – *i.e.*, the library reorganization – was merely a pretext.

Defendant's renewed motion for summary judgment does not cite to evidence in the record that moves beyond the court's previous findings on the issue of pretext. That is, in light of the prior ruling, this Court finds that there is still a genuine issue of material fact as to whether the

8

library reorganization was merely a pretext for unlawful adverse employment action against Plaintiff.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's renewed motion for summary judgment (D.I. 34) is DENIED. An appropriate order will follow.